UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES & KATHRYN SUNDE,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE,

    Defendant.

                                                      /

Case No. 09-12179

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO APPEAL AND DENYING AS MOOT PLAINTIFFS' MOTION FOR STAY PENDING APPEAL [1]**

This matter is before the Court on Plaintiffs' motion for leave to appeal the Bankruptcy Court's March 26, 2009 Order Granting Relief from the Automatic Stay and Waiving the Provision of FRBP 4001(a)(3) and Plaintiffs' motion for a stay pending appeal. The Court finds that the decision process would not be aided by oral argument. For this reason, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), Plaintiffs' motions will be decided without oral argument.

An appeal from an order of a bankruptcy judge to a district court shall be taken "by filing a notice of appeal within the time allowed by [Federal Rule of Bankruptcy Procedure] Rule 8002." Fed. R. Bank. P. 8001; *see also* 28 U.S.C. § 158(a). Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), "[t]he notice of appeal shall be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). In this case, Plaintiffs did not file a notice of appeal or motion for leave to appeal until June 1, 2009, more than two months after entry of the March 26 order

being appealed, and well beyond the ten-day period required by Rule 8002.

That Plaintiffs filed a motion to amend the March 26 order on May 26, 2009 does not change the fact that Plaintiffs' filing of the notice of appeal was untimely. When a party files a *timely* motion to amend, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R. Bankr. P. 8002(b). But, as the Bankruptcy Court indicated in its May 27, 2009 Order Denying Debtors' Motion to Amend Judgment Approving Relief From Automatic Stay, pursuant to Local Bankruptcy Rule 9024-1 (E.D. Mich.), a motion for reconsideration must be filed within ten days after entry of the order to which it objects. Plaintiffs' untimely motion to amend did not alter the ten-day period for filing a notice of appeal.

Because Plaintiffs' notice of appeal and motion for leave to appeal are untimely, this Court lacks jurisdiction to review the bankruptcy court's order. *See, e.g.*, Kasunic *v. Kingsmen Enterprises*, No. 95-4044, 1996 WL 193805, *1 (6th Cir. Apr. 19, 1996). For this reason, Plaintiffs' motion for leave to appeal is DENIED. In light of this Court's denial of the motion for leave to appeal, Plaintiffs' motion for a stay pending appeal is DENIED as moot.

It is hereby ordered that Plaintiffs' motion for leave to appeal is DENIED. It is further ordered that Plaintiffs' motion for a stay pending appeal is DENIED AS MOOT.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 7, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record

on August 7, 2009, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager